UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONY BURNETT,

      Plaintiff,

-against-

E. COPPOLAI, et al.,

      Defendants.

25-CV-0456 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Greene Correctional Facility, brings this action *pro se*. Plaintiff asserts claims for excessive force, in violation of the Eighth Amendment, based on events at Marcy Correctional Facility. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that on the morning of November 10, 2022, at Marcy Correctional Facility, correction officers used excessive force against him. Plaintiff sues four individuals, each of whom is identified as a correction officer at Marcy Correctional Facility. It is unclear if venue of Plaintiff's Eighth Amendment claims is proper in this district under Section 1391(b)(1), based on the residence of the defendants, because there are no facts in the complaint about where any defendant resides. Venue of Plaintiff's Eighth Amendment claims also does not appear to be proper in this district under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred.

Plaintiff alleges that Defendants violated his rights at Marcy Correctional Facility, which is in Oneida County, New York. Oneida County is in the Northern District of New York. 28 U.S.C. § 112 (a). Venue thus is proper, under Section 1391(b)(2), in the Northern District of New York, where the claims arose.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A

plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Oneida County, and it is reasonable to expect that all relevant documents and witnesses would be at Marcy Correctional Facility. The Northern District of New York thus appears to be a more convenient forum for this action. Plaintiff's choice of this forum is entitled to less deference because nothing indicates that he resides in this district, and the operative events did not occur in this district. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 21, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge